IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KARL E. KING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 122-041 |
| | ) | |
| WALTER BERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate at Baldwin State Prison ("BSP") in Hardwick, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254.  Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

## I.    BACKGROUND

Petitioner commenced the above-captioned case by filing a form designed for a federal prisoner to move for vacating, setting aside, or correcting his sentence pursuant to 28 U.S.C. § 2255.  (Doc. no. 1-2.)  However, as Petitioner is a state prisoner challenging his conviction for incest obtained in the Superior Court of Columbia County, Georgia, his challenge is properly brought as a petition for a writ of habeas corpus pursuant to § 2254. See Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (describing applicability of § 2254 to application for habeas corpus writ for "a person in custody pursuant to the judgment of a State court").  Accordingly, the Court directed Petitioner to put his claims on

the form used by state prisoners.  (Doc. no. 2 (citing Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts).)  The Court also provided Petitioner with the warning required under Castro v. United States, 540 U.S. 375, 382-83 (2003), and directed the Clerk to provide the appropriate form for Petitioner to complete and return with all of his claims for relief.  (Doc. no. 2, pp. 2-3.)  The Court cautioned Petitioner if he failed to timely respond, the Court would presume he wished to dismiss his case.  (Id. at 3.)

Petitioner did not respond to the Court's April 8th Order, and on May 9, 2022, the Court recommended this case be dismissed without prejudice.  (Doc. no. 3.)  Petitioner did not object to the recommendation or otherwise respond by the stated deadline of May 26, 2022.  (See doc. no. 4.)  However, on June 8, 2022, an amended petition and a $5.00 filing fee was submitted on Petitioner's behalf.  (See doc. no. 5 and June 8, 2022 dkt. annotation).  Although the June 8th submissions were untimely, the Court vacated the May 9th recommendation for dismissal and now considers the petition submitted on June 8th.

The Court also observes Petitioner has twice submitted federal petitions challenging his incest conviction.  See King v. Brawner, CV 120-129 (S.D. Ga. Sept. 9, 2020); King v. Bobbitt, CV 119-083 (S.D. Ga. June 3, 2019).[1]  Both cases were dismissed without prejudice for failure to exhaust state court remedies.  CV 120-129, doc. nos. 8, 10; CV 119-083, doc. nos. 4, 6.  In the 2020 case, the Court issued an order explaining Petitioner, not purported "next friend" Timothy West, must sign the petition.  CV 120-129, doc. no. 2.  The signature on the petitions returned from Petitioner's place of incarceration in 2019 and 2020 looks nothing like the signature on the original petition in this case, which does look strikingly similar to the handwriting of Mr. West's notary signature on the original petition in this case.

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (allowing a court to take judicial notice of its own records).

Compare CV 119-083, doc. no. 1, p. 15 with CV 120-129, doc. no. 7, p. 17 with doc. no. 1-2, p. 12.  Nor does the signature on the belated, amended petition in this case - which does not appear to have arrived at the Clerk of Court from BSP - look anything like the signature in the 2019 or 2020 case.  Compare CV 119-083, doc. no. 1, p. 15 with CV 120-129, doc. no. 7, p. 17 with doc. no. 5, p. 15.[2]  The Court need not resolve this signature discrepancy or determine whether it must apply the "next friend" analysis from Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990), because as described below, this case should be dismissed.

## II.    DISCUSSION

### A.    Procedural History of State Proceedings and Allegations of Petition

Petitioner states he pleaded guilty to incest in the Superior Court of Columbia County, Georgia, sometime in 2015, and was sentenced to a twenty-year term of imprisonment and ten years of probation.[3]  (Doc. no. 5, pp. 1-2.)  Although he does not state when, Petitioner asserts he filed a motion to withdraw his guilty plea, which the trial court denied.  (Id. at 5, 7, 10.)  Petitioner maintains his trial counsel and the trial court failed to advise him of his right to appeal.  (Id. at 5.)  Petitioner does not now, nor in his last two cases, report filing for any state habeas corpus relief.  (See generally doc. no. 5; CV 120-129, doc. no. 7; CV 119-083, doc. no. 1.)

Petitioner claims ineffective assistance of trial counsel in his current federal petition,

---

[2]The signature discrepancy is all the more suspect given that the amended petition states it was placed in the prison mailing system at BSP in Hardwick, Georgia, on June 7, 2022, (doc. no. 5, p. 15), but it was docketed in Augusta, Georgia, just one day later with no envelope attached.  The Court is aware it is the practice of the Clerk of Court to attach the envelope in which prisoner mailings arrive so as to document postmarks.

[3]Petitioner does not provide the case number for his underlying state criminal case in his current petition.  However, according to his prior petitions, and the attached Exhibit A, the case is State v. King, Case No. 2015CR0427 (Columbia Cnty. Sup. Ct. Mar. 6, 2015), available at www.columbiaclerkofcourt.com (follow "Criminal Search" hyperlink; then search "King, Karl" last visited July 1, 2022).

asserting he was not properly informed of either the consequences of his guilty plea or his appeal rights.  (See generally doc. no. 5.)  In light of this alleged ineffective assistance, Petitioner asserts his guilty plea was not knowingly and voluntarily entered.  (Id. at 8.)

**B.    The Exhaustion Requirement**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented."  Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state

court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (per curiam) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (per curiam); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

## C.     Petitioner Failed to Exhaust State Remedies

Petitioner does not allege that he has exhausted his state court remedies.  (See generally doc. no. 5.)  He states he has been unable to file a direct appeal, but there is no indication Petitioner has filed a state habeas corpus petition.  (See id.)  However, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning an involuntary guilty plea and ineffective assistance of counsel.  See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010); Davis v. State, 561 S.E.2d 119, 119-20 (Ga. 2002); Goodwin v. Knighten, 387 S.E.2d 887, 887 (Ga. 1990); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Indeed, prior to commencing this case, Petitioner has twice been informed of the option to petition for state habeas corpus relief.  See CV 120-129, doc. no. 8, p. 4; CV 119-083, doc. no. 4, p. 4.  However, Petitioner improperly attempted to circumvent the state habeas courts in favor of moving directly to the federal courts.  As explained herein, that leapfrog attempt is improper.  Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

**D.    Timeliness**

The Court recognizes that the one-year statute of limitations imposed by AEDPA, 28 U.S.C. § 2244(d), may have expired.  However, the Court is unwilling to make a dispositive recommendation that the petition is time-barred.  Based on the potential signature discrepancy described in Part I, *supra*, and Petitioner's failure to respond timely to the April 8th Order or May 9th Report and Recommendation sent to him at BSP, the Court is concerned Petitioner may not have intended to commence and/or pursue habeas proceedings that could foreclose any future requests for federal relief.  Nor does the record contain a consistent, verifiable chronology of events in the state courts.  For the purposes of a Rule 4 preliminary review, the Court can determine only that it is plain from the petition that Petitioner is not entitled to federal relief because he has not exhausted potential state judicial remedies or otherwise attempted to present his cause and prejudice or miscarriage of justice arguments under O.C.G.A. § 9-14-48(d).

To the extent Petitioner acknowledges the question regarding the timeliness of his federal petition, he states only that he was not informed of his "right to appeal" until he "study on the

conviction laws [sic.]."  (Doc. no. 5, p. 13.)  Assuming this statement references AEDPA's one-year statute of limitation and not his claim for relief that he was not advised of his appellate rights in state court, the Court notes the Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion.  As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'"  <u>Perez v. Florida</u>, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (internal citations omitted); <u>see also</u> <u>Jones v. United States</u>, 304 F.3d 1035, 1044 (11th Cir. 2002) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as extraordinary circumstances).  Petitioner does not provide any specific argument, let alone provide any factual detail to support a finding, about his efforts to determine when his federal statute of limitations began to run.  Given the lack of detail in the petition, as well as the questions surrounding Petitioner's personal pursuit of federal habeas corpus relief, the Court will not recommend the petition be denied because it is untimely.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice because Petitioner has not exhausted state court remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of July, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA